UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE L. BAILEY,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. MacFARLAND, et al.,<br><br>Defendants. | No. 2:15-cv-01725-TLN-DB<br><br><br><br>**ORDER** |

This matter is before the Court pursuant to Defendants Michael J. MacFarland and The Public Group, LLC's ("Defendants") motion to dismiss for lack of subject matter jurisdiction. (ECF No. 27.) Plaintiff Christine L. Bailey ("Plaintiff") opposes the motion. (ECF No. 29.) The Court has carefully considered the arguments raised by the parties. For the reasons set forth below, Defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED.[1]

Discussion of the factual allegations in this case is unnecessary to resolve this motion. It is undisputed that the Amended Complaint contains only state-law causes of action. (ECF No. 16.) Further, it is undisputed that Plaintiff sought to invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) provides as follows: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy

---

[1] Defendant MacFarland filed a separate motion to dismiss for *forum non conveniens*. (ECF No. 22.) This motion is DENIED without as MOOT.

1

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States[.]"  The Ninth Circuit has held "that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)

Plaintiff acknowledges that her Amended Complaint "needs to be corrected to state the citizenship" of Plaintiff and Defendant MacFarland.  (ECF No. 29 at 8.)  Likewise, Plaintiff acknowledges that she has not alleged the citizenship of all members of The Public Group, LLC.  (ECF No. 29 at 9.)  Further, Plaintiff acknowledges that her allegations are deficient with respect to the amount in controversy.  (ECF No. 29 at 10.)  Given these concessions, the Court must grant Defendants' motion.[2]  However, as each deficit is curable, the Court will grant Plaintiff leave to amend as requested.

The Court feels compelled to make two brief points regarding the parties (somewhat haphazard) sparring regarding the membership of The Public Group, LLC, particularly the identities of the members, the citizenship of the members, and who is responsible for providing this information.  First, in her opposition, Plaintiff seemingly makes a request for an order requiring The Public Group, LLC to provide her certain documentation.  Plaintiff does this without citing any legal authority whatsoever.  With exceptions not relevant here, "[a] request for a court order must be made by motion."  Fed. R. Civ. P. 7(b).  Further, briefing in support of that motion should "state with particularity the grounds for seeking the order."  Fed. R. Civ. P. 7(b)(1)(B).  Second, on a related point, Defendants' reply entirely fails to mention *Carolina Casualty Insurance Co. v. Team Equipment, Inc.*, 741 F.3d 1082 (9th Cir. 2014), despite its seemingly obvious application and ready accessibility through a basic Westlaw search.  Future briefing by either party on this topic should address that case.  Given the poverty of briefing, the Court declines to further discuss this subject in connection with this motion.

///

///

---

[2] As Defendant's motion is resolved on diversity grounds, the Court does not reach Defendants' alternative arguments which are premised on the Court finding § 1332(a)(1) is satisfied.

For the reasons set forth, Defendant's motion to dismiss for lack of subject matter jurisdiction is hereby GRANTED.  Plaintiff is hereby afforded 30 days from the date this Order is docketed to file an amended complaint in conformity with this Order.

IT IS SO ORDERED.

Dated: August 31, 2018

Troy L. Nunley
United States District Judge