UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE L. BAILEY,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. MacFARLAND; THE PUBLIC GROUP, LLC, a Utah Limited Liability Company; and DOES 1–20, inclusive,<br><br>Defendants. | No.  2:15-cv-01725-TLN-DB<br><br>**ORDER** |

This matter is before the Court on remand from the Ninth Circuit regarding Plaintiff Christine Bailey's ("Plaintiff") Motion to Substitute Deceased Party. (ECF No. 41.) This Court previously declined to address Plaintiff's motion, which it determined was moot in light of the Court's dismissal of the action for lack of personal jurisdiction. (*See* ECF Nos. 57, 60.) The Ninth Circuit stayed proceedings in the pending appeal and remanded the matter to this Court for the limited purpose of resolving the substitution issue. (ECF No. 64.)  After carefully considering the Ninth Circuit's instructions and the parties' arguments, the Court GRANTS Plaintiff's Motion.

///

///

1

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff married Defendant Michael MacFarland ("MacFarland") in Hawaii in 1994. The couple divorced in 2012, also in Hawaii. (ECF No. 37 at 3–4.) The Hawaiian family court issued a divorce decree that incorporated a marital settlement agreement. (*Id.* at 4.) Under the terms of that agreement, the couple agreed to split equally any income or distributions from their prior business dealings, specifically including The Public Group, LLC ("Public Group") and its predecessors and/or successors. (*Id.*; ECF No. 37-1.) MacFarland's son, Derek MacFarland ("Derek"), is the founder and president of Public Group. (ECF No. 66-1 at 3–4; ECF No. 66-2 at 3, 43–44.) He is also believed to be the sole owner. (ECF No. 66-3 at 3.)

Nearly three years after the divorce decree was issued, MacFarland filed a declaration in the divorce proceeding in Hawaii stating the couple had no ownership interests in Public Group, other than repayment of a $100,000 loan previously made to Public Group. (ECF No. 37 at 5; ECF No. 37-2.) Plaintiff claims the declaration is false, based on statements MacFarland made to her during their marriage and substantial documentation. (*See* ECF No. 37 at 5–13, 15–16; ECF Nos. 37-1, 37-3, 37-4, 37-5, 37-6, 37-7, 37-9, 37-10, 37-15.) Plaintiff further claims MacFarland and Public Group conspired to defraud her of her interest in Public Group — thus depriving her of significant interest and dividend payments — by secretly transferring the gains related to Plaintiff and MacFarland's joint-interest in Public Group into entities controlled by MacFarland and his family. (ECF No. 37 at 13–27; ECF No. 66-3 at 3.)

On August 13, 2015, Plaintiff initiated this action against MacFarland and Public Group (collectively, "Defendants"), seeking damages arising from the alleged fraud committed by Defendants. (ECF No. 1.) The law offices of Knox Lemmon & Anapolsky LLP ("Knox Lemmon") were retained to represent both MacFarland and Public Group. (*See* ECF No. 66-1 at 5; ECF No. 66-2 at 5, 39.)

MacFarland died on or about August 20, 2018. (ECF No. 66-6 at 2.) On August 29, 2018, Public Group filed a suggestion of death to provide notice of MacFarland's death "pursuant to [Federal Rule of Civil Procedure] 25(a)(1)." (ECF No. 35.) The record does not reflect the suggestion of death was served on any non-parties, nor does the suggestion of death identify any

1    estate representative or successor-in-interest to MacFarland.  (*See id.*; *see also* ECF No. 66-3 at
2    6.)  Knox Lemmon subsequently averred that it ceased to represent MacFarland upon his death
3    and it has not been retained or otherwise assigned to represent MacFarland's estate.  (ECF No.
4    66-2 at 39–40 (substitution of counsel and notice filed November 19, 2019).)  However, Knox
5    Lemmon continues to represent Public Group.  (ECF No. 66-1 at 5; ECF No. 66-2 at 39.)

6         On November 21, 2018, Plaintiff filed a Motion to Substitute Deceased Party pursuant to
7    Federal Rule of Civil Procedure ("Rule") 25(a)(1), seeking to substitute Derek as successor-in-
8    interest to MacFarland's estate pursuant to California probate law.  (ECF Nos. 41–42.)  Public
9    Group opposed the Motion.  (ECF No. 49.)  Plaintiff replied.  (ECF Nos. 50–51, 53.)

10        Meanwhile, Public Group also filed two separate motions to dismiss the operative
11   complaint: one for lack of subject matter jurisdiction under the "domestic relations exception" to
12   diversity jurisdiction, the other for failure to state a claim pursuant to Rule 12(b)(6).  (ECF Nos.
13   38, 39.)  Both motions were fully briefed by the parties.  (*See* ECF Nos. 40, 43–44, 47–48.)

14        On September 24, 2019, the parties appeared before the Court for a hearing on Public
15   Group's motions to dismiss and Plaintiff's Motion to Substitute.  (*See* ECF Nos. 56–57.)  At the
16   hearing, the Court granted Public Group's Motion to Dismiss for Lack of Jurisdiction pursuant to
17   the "domestic relations exception" (ECF No. 38) and dismissed the action without leave to
18   amend.  (*See* ECF Nos. 57, 60.)  The Court declined to address the parties remaining motions
19   (ECF Nos. 39, 41), denying them as moot.  (*See* ECF No. 57; ECF No. 60 at 11.)  Plaintiff
20   appealed the dismissal to the Ninth Circuit.  (ECF No. 61.)

21        On July 27, 2020, the Ninth Circuit remanded the matter to this Court for the limited
22   purpose of determining "whether there exists a personal representative of appellee [MacFarland],
23   or other appropriate person, who may be substituted in place of MacFarland."  (ECF No. 64.)
24   Proceedings in the appeal are currently stayed, pending this Court's determination of the
25   substitution issue.  (*Id.*)  On August 12, 2020, the parties filed a Joint Status Report to supplement
26   their arguments with respect to the substitution motion presently before the Court.  (ECF No. 66.)
27   ///
28   ///

**II.   STANDARD OF LAW**

Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

**III.   ANALYSIS**

Plaintiff moves to substitute in Derek on the bases that: (1) the Motion was timely filed; (2) Plaintiff's claims against MacFarland survive his death; and (3) Derek is MacFarland's son and successor-in-interest pursuant to California Probate Code § 13006. (ECF No. 42 at 3; ECF No. 50.) Public Group addresses and opposes only the last argument, on the basis that Plaintiff fails to establish Derek is the proper party for substitution and that any substitution would create an untenable conflict of interest. (ECF Nos. 49, 66-1, 66-2, 66-5.) The Court addresses each argument in turn.

      A.   Timeliness of Motion

As an initial matter, the Court finds Plaintiff's motion was timely, as it was filed within 90 days of the filing of the suggestion of death. (*See* ECF Nos. 35, 41); Fed. R. Civ. P. 25(a)(1). Furthermore, Public Group neither addresses nor disputes the timeliness of Plaintiff's motion.

      B.   Survivability of Claims

An essential element to substitution under Rule 25 is that the claim survived the death of the party. Fed. R. Civ. P. 25(a)(1). A timely motion for substitution can be granted only with respect to claims that are not extinguished by death. *Id.* Each claim is examined independently. *See Hawkins v. Eads*, 135 B.R. 380, 384–85 (E.D. Cal. 1991).

"The question of whether an action survives the death of a party must be determined by looking towards the law, state or federal, under which the cause of action arose." *Continental Assurance Co. v. American Bankshares Corp. (Continental)*, 483 F. Supp. 175, 177 (E.D. Wis. 1980). The test for survivorship hinges on whether the statutory provision is primarily penal in

nature or remedial in nature. *See Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481, 483 (N.D. Cal. 2004). Statutory provisions that are penal in nature extinguish at the party's death, whereas statutes that are remedial in nature survive the party's death. *See United States v. Oberlin*, 718 F.2d 894, 896 (9th Cir. 1983); *Continental*, 483 F. Supp. at 179 (actions that are remedial in nature survive the death of the defendant); *Acebal v. United States*, 60 Fed. Cl. 551, 555 (2004) ("Actions in the nature of a penalty … abate on death. A cause of action for debt, on the other hand, survives the death of the plaintiff."). In *Bracken*, the court explained the rationale for this rule, namely that "penalties do not survive for the reason that a decedent is beyond punishment … [whereas] actions to recompense or compensate a plaintiff for a harm inflicted upon him by a decedent do survive." *Bracken*, 219 F.R.D. at 483 (quoting *Derdiarian v. Futterman Corp.*, 223 F. Supp. 265, 269 (S.D.N.Y. 1963)).

Here, Plaintiff has asserted causes of action against MacFarland for fraud, constructive fraud, breach of contract, breach of covenant of good faith, breach of fiduciary duty, conspiracy, fraudulent transfer of assets without consideration, attorneys' fees, accounting, and unjust enrichment. (ECF No. 37 at 16–28.) Plaintiff concedes that her claims for punitive and exemplary damages do not survive MacFarland's death. (ECF No. 42 at 3 (citing Cal. Code. Civ. P. § 337.42).) However, Plaintiff argues that her remaining claims asserted against MacFarland do survive because they are remedial in nature. (*Id.* (citing *US v. NEC Corp.*, 11 F.3d 136, 137 (11th Cir. 1993)).) Public Group neither disputes nor addresses this point, thus apparently conceding that Plaintiff's claims against MacFarland survive. Accordingly, the Court finds Plaintiff's remaining claims against MacFarland survive his death.

C.     Proper Party for Substitution

As to the proper party for substitution, Plaintiff argues Derek is MacFarland's son and successor-in-interest pursuant to California Probate Code § 13006. (ECF No. 42 at 3.) Public Group does not address Plaintiff's argument under the Probate Code. Instead, Public Group argues that Plaintiff fails to establish Derek is MacFarland's representative and that the motion to substitute Derek as successor-in-interest to MacFarland's estate would create an untenable conflict of interest for Derek. (ECF No. 49 at 2–3.) On Reply, Plaintiff argues Public Group's

contentions are without merit, as the burden to properly establish MacFarland's representative or successor lies with Public Group, as does the burden to resolve any personal conflicts of interest that may arise during litigation. (ECF No. 50 at 4–5.) The parties' supplemental briefing largely reiterates their prior arguments. (*See* ECF No. 66-1 at 6–10; ECF No. 66-2 at 4; ECF No. 66-5 at 3, 7–10.) Based on the entirety of briefing and evidence submitted by the parties, the Court finds that Derek is the proper party for substitution, as follows.

        *i.*       *Burden to Identify Representative/Successor*

As an initial matter, the Court resolves the parties' dispute as to who bears the burden of identifying MacFarland's representative or successor-in-interest. In short, the Court concludes that burden rests with Public Group.

The Ninth Circuit has found that the burden to identify the successor-in-interest or personal representative of a deceased party lies with the party best suited to do so, which is typically the party that filed the suggestion of death. *Gilmore v. Lockard*, 936 F.3d 857, 866–67 (9th Cir. 2019). In *Gilmore v. Lockard*, a civil rights action filed by a state prisoner against various prison officials, one of the defendants died mid-litigation. *Gilmore*, 936 F.3d at 859–60. Counsel for the remaining defendants filed a suggestion of death, even though she had not represented the decedent. *Id.* at 860. As in the instant case, the suggestion of death neither identified any nonparty representatives or successors, nor served notice to such parties; therefore, the plaintiff received no notice as to the decedent's successor or personal representative. *Id.* at 866. After struggling to obtain this information through limited discovery and repeated motions, the plaintiff filed two substitution motions in which he incorrectly sought to substitute in defense counsel. *Id.* at 860, 866. The trial court denied the plaintiff's motions, finding he was responsible for identifying and finding the decedent's heirs or representatives but had failed to do so. *Id.* Ultimately, as a result of this finding, the trial court dismissed the plaintiff's claims against the decedent. *Id.* at 860–61.

The Ninth Circuit reversed the dismissal, finding the burden to ascertain the decedent's successor lied with defense counsel, who should have identified the proper party in her suggestion of death. *Id.* at 866–67. Indeed, the appellate court specifically commented that "nothing in

1 [prior Ninth Circuit decisions] suggests that where the party filing the suggestion of death has not
2 confirmed the proper party for substitution, the burden of finding and serving the substituted party
3 should necessarily shift to the other party." *Id.* at 866. Rather, the Ninth Circuit found the burden
4 remained with defense counsel because she was significantly better positioned than the plaintiff to
5 ascertain the decedent's successor, as the other defendant prison officials were also her clients
6 and she had an existing relationship with the California Department of Corrections and
7 Rehabilitation. *Id.* at 866–67 (citing with approval, *Rende v. Kay*, 415 F.2d 983, 986 (DC Cir.
8 1969) (burden to name successor for the deceased party rested with defense counsel, who
9 formerly represented the decedent, filed the suggestion of death, and was in the better position to
10 know who the decedent's representative would be)). Accordingly, the court declined to shift the
11 burden to the plaintiff to identify the decedent's successors, holding that doing so would
12 essentially permit the defendants to place the plaintiff at a tactical disadvantage and defeat the
13 purpose of Rule 25. *Id.*

14 This Court similarly declines to place the burden on Plaintiff to identify the proper party
15 for substitution where Public Group is clearly in the better position to provide such information.
16 Public Group not only filed the suggestion of death but is also represented by the same counsel
17 that formerly represented MacFarland. (ECF No. 35; *see also* ECF No. 66-1 at 5; ECF No. 66-2
18 at 39–40.) Notably, it is undisputed that Derek is the founder and principal owner of Public
19 Group. (*See* ECF No. 66-2 at 3; ECF No. 66-5 at 3.) Plaintiff argues Public Group is therefore in
20 the unique position to determine the identities of MacFarland's representatives or successors
21 because Derek has "knowledge of his father's estate, heirs, and assets, [including] whether there
22 is even a need to probate."[1] (ECF No. 50 at 4.) Finally, it is clear from the supplemental
23 briefings and supporting evidence submitted by the parties that defense counsel has an existing

---

[1] In her supplemental briefing, Plaintiff additionally submits the deposition transcript of Saundra Lee Brown-Kingston, MacFarland's niece and assistant, which was taken in a separate matter. Ms. Brown-Kingston testified that MacFarland worked for Derek at Public Group while living at Derek's residence for some time, and that Derek later arranged for MacFarland to stay in an assisted-living facility, handled all of MacFarland's bills and finances, and assumed some legal rights (believed to be power of attorney) over MacFarland's health care prior to his death. (ECF No. 66-3 at 6–7; ECF No. 66-4 at 15–19, 22.)

1  relationship with MacFarland's family, whereas Plaintiff does not. For example, email
2  communications between counsel for Plaintiff (Ms. Pope) and counsel for Public Group (Mr.
3  Knox) reveal that Ms. Pope inquired into the status of MacFarland's estate after receiving notice
4  of his death and Mr. Knox indicated he would reply to Ms. Pope after he contacted MacFarland's
5  family for further information. However, Ms. Pope avers she did not receive any further
6  information from Mr. Knox. (*See* ECF No. 66-3 at 6; ECF No. 66-4 at 2, 6–7.) Notably, Public
7  Group does not directly address or oppose Plaintiff's argument that it bears the burden to identify
8  MacFarland's representative, despite having ample opportunity to do so. Based on this record,
9  the Court finds Public Group is in the better position to know who MacFarland's representatives
10 or successors are and therefore bears the burden of identifying those parties.[2] *Gilmore*, 936 F.3d
11 at 866–67; *Rende*, 415 F.2d at 986.

              ii.      *Derek as the Proper Party Pursuant to California Probate Code*

13 As to whether Derek is the proper party for substitution in place of MacFarland, Plaintiff
14 again has the better argument. Plaintiff argues Derek is MacFarland's successor-in-interest
15 pursuant to California Probate Code § 13006 ("§ 13006"). (ECF No. 42 at 3.) Public Group does
16 not oppose or even address the applicability of § 13006 in any of its filings. Nor does Public
17 Group identify any alternative or additional party as MacFarland's representative or successor.
18 Instead, Public Group merely argues the proper party for substitution is not Derek. To that end,
19 Public Group argues Plaintiff's motion fails because she has not established that Derek is the
20 executor or administrator of MacFarland's estate, that Derek is MacFarland's personal
21 representative, that Derek is a distributee of the estate, or that the estate has been fully distributed.
22 (ECF No. 49 at 2–3; ECF No. 66-1 at 6–9; ECF No. 66-2 at 4; ECF No. 66-5 at 3, 7–10.) In
23 support of these arguments, Public Group references several cases which generally provide for

---

[2] Plaintiff additionally argues that, because the suggestion of death (ECF No. 35) fails to identify any nonparty representatives or successors or serve notice to such parties, it is defective. (ECF No. 50 at 3–4 (citing *Rende*, 415 F.2d at 986).) The Court agrees. *See Gilmore*, 936 F.3d at 866–67. Nevertheless, in light of the evidence submitted in the parties' supplemental briefings, the only consequence of a defective suggestion of death in the instant matter is that the 90-day deadline to file a substitution motion pursuant to Rule 25 has not yet been triggered. *Id.*; Fed. R. Civ. P. 25(a)(1).

substitution only where the party seeking to substitute in for the decedent has clearly established he or she is the legal representative/executor of the decedent's estate, or a distributee of the estate where the estate has been fully distributed through probate. (*See id.* (citing, *e.g.*, *Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952); *Grass Valley Terrace v. United States*, 69 Fed. Cl. 506, 510–11 (Fed. Cl. 2006); *Rende*, 415 F.2d at 985).)

However, for the aforementioned reasons, the burden to establish the identity of MacFarland's representative/executor/successor lies with Public Group, not Plaintiff. *Gilmore*, 936 F.3d at 866–67; *Rende*, 415 F.2d at 986. Therefore, to the extent Public Group's Opposition is premised upon the contention that Plaintiff bears this burden and her substitution motion should be denied for failure to meet it, Public Group's arguments are unavailing. Furthermore, in a declaration submitted with Public Group's supplemental briefing, Derek attests that MacFarland died without a will and without his estate being probated. (ECF No. 66-5 at 3.) Accordingly, all of Public Group's arguments pertaining to the status of MacFarland's probate estate — which Public Group has acknowledged does not exist — are inapplicable and therefore unavailing.

Rather, as Plaintiff correctly notes, in the event that the decedent died without a will, § 13006 provides the "successor of the decedent" is identified pursuant to California Probate Code §§ 6401 and 6402. Cal. Prob. Code § 13006(b). Section 6402 provides that any part of the intestate estate not distributed to a surviving spouse (§ 6401) or the heirs of a pre-deceased spouse (§ 6402.5) passes first to the issue of the decedent. Cal. Prob. Code § 6402(a). Here, it is undisputed that Derek is MacFarland's son. Public Group has not identified any other successors pursuant to § 13006(b) in its oppositional or supplemental briefing. Indeed, the Court again notes that Public Group does not oppose or even address Plaintiff's intestate arguments, despite acknowledging MacFarland died without a will. Thus, Public Group appears to concede this argument. For these reasons, the Court finds that Derek is the proper party to be substituted for any claims that survive MacFarland's death.

       *iii.*  *Purported Conflict of Interest*

Finally, Public Group opposes the substitution motion on the basis that substituting Derek as successor-in-interest to his father's estate would create an insurmountable conflict of interest

where Derek is also the founder and president/principal of the co-defendant, Public Group.  (ECF No. 49 at 3; ECF No. 66-1 at 9–10; ECF No. 66-5 at 3, 10.)  Yet Public Group does not elaborate on its argument beyond this one conclusory statement.  Nor does Public Group reference any legal authority in support of its contention.  Without more, the Court is unpersuaded by Public Group's argument.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Substitute Deceased Party is GRANTED.  (ECF No. 41.)  The Court hereby substitutes in Derek MacFarland as successor-in-interest to the decedent, Michael MacFarland.

IT IS SO ORDERED.

DATED:  September 25, 2020

Troy L. Nunley
United States District Judge